Daniel P. MURPHY, Petitioner-Appellant,

v.

Hoyt C. CUPP, Respondent-Appellee.

No. 71–2203.

United States Court of Appeals, Ninth Circuit.

May 30, 1972.

Rehearing Denied July 6, 1972.

Howard R. Lonergan (argued) Portland, Or., for appellant.

John W. Osburn, Sol. Gen. (argued) Jim G. Russell, Asst. Atty. Gen., Lee Johnson, Atty. Gen., Salem, Or., for appellee.

Before JERTBERG, ELY and HUF-STEDLER, Circuit Judges.

PER CURIAM:

Murphy is an Oregon state prisoner, convicted of second degree murder. After having exhausted his state remedies, he filed a petition for habeas corpus relief in the District Court, alleging therein that he had been the victim of a search proscribed by the federal constitution. The District Court denied the petition, and this appeal followed.

The victim of the homicide was Murphy's wife, and sometime after her body was discovered, Murphy and his attorney were present in the station of the investigating police officers. The police expressed a desire to take scrapings from Murphy's fingernails. Acting upon the advice of his attorney, made in the presence of the police, Murphy protested, claiming that such a search would be illegal. The police insisted, and Murphy, declining to provoke violence, submitted to the search while, at the same time, expressly reserving his right to continue, in the future, to urge that the search was constitutionally impermissible. Thereafter, in the state court trial that culminated in Murphy's conviction, the prosecution introduced the scrapings into evidence over Murphy's objection.

The appellee has conceded that Murphy was not under arrest at the time the challenged search was made, and our review of the record convinces us that there were no such exigent circumstances existing at the time of the search which would require that it immediately be conducted without the procurement of a warrant, assuming that such probable cause existed as might have justified the issuance of a warrant. *See* Vale v. Louisiana, 399 U.S. 30, 34–35, 90 S.Ct. 1969, 1971–72, 26 L.Ed.2d 409, 413–14 (1970) ; Schmerber v. California, 384 U.S. 757, 770–71, 86 S.Ct. 1826, 1835–36, 16 L. Ed.2d 908, 919–20 (1966). Thus, the search was illegal. *See* Coolidge v. New Hampshire, 403 U.S. 443, 454–55, 91 S.Ct. 2022, 2031–32, 29 L.Ed.2d 564, 575–76 (1971). *Cf.* Davis v. Mississippi, 394 U.S. 721, 727–28, 89 S.Ct. 1394, 1397–98, 22 L.Ed.2d 676, 681 (1969).

Upon remand, the District Court will hold Murphy's petition in abeyance for a reasonable time, not exceeding sixty days, in order to afford the Oregon authorities the opportunity to retry Murphy, should they choose to do so, without the introduction of the impermissible evidence.

Reversed and remanded.